## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW SWIENTISKY,

    Plaintiff,

        v.

AMERICAN STATES INSURANCE
COMPANY d/b/a SAFECO
INSURANCE, A LIBERTY MUTUAL
COMPANY,

    Defendant.

NO. 3:18-CV-1159

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion of Defendant to Dismiss and/or Strike Portions of Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6) and Rule 12(f), or in the Alternative, for a More Definite Statement Pursuant to F.R.C.P. 12(e) (Doc. 3). The motion will be granted in part and denied in part for the reasons set forth below.

### I. Background

The facts as alleged in the Complaint are as follows:

On or about October 27, 2013, Plaintiff Matthew Swientisky was operating his motor vehicle in a southbound direction on Manning Road in Scott Township, Lackawanna County, Pennsylvania. (*See* Doc. 1-2, ¶ 6). At the same time, Jacqueline Andzulis was operating her motor vehicle in her driveway which intersected Manning Road. (*See id*. at ¶ 7). Suddenly and without warning, Andzulis pulled from her driveway and onto Manning Road, striking Plaintiff's vehicle on the right side. (*See id*. at ¶ 8). Plaintiff suffered serious injuries as a result. (*See id*.).

At the time of the collision, Andzulis was insured with a bodily injury liability protection limit in the amount of $100,000.00, a sum which was insufficient to compensate Plaintiff for the injuries he sustained. (*See id*. at ¶ 10). Plaintiff was insured under an automobile policy issued by Defendant American States Insurance

Company d/b/a Safeco Insurance, a Liberty Mutual Company, at the time of the collision. (*See id*. at ¶ 11).

Plaintiff settled his third party case for an amount of $80,000.00 after fulfilling the terms of Defendant's policy, obtaining court approval, and after receiving written consent to settle and a waiver of subrogation letter. (*See id*. at ¶ 13). Despite demand for underinsurance benefits, Plaintiff and Defendant have been unable to reach an agreement for the payment of benefits owed under the policy. (*See id*. at ¶ 14).

Based on the foregoing, Plaintiff commenced this action against Defendant by filing a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania on May 2, 2018. (*See* Doc. 1-2, *generally*). In the Complaint, Plaintiff asserts claims for breach of contract (Count I) and "statutory violations" (Count II). (*See id*., *generally*). Defendant removed the action to this Court on June 6, 2018. (*See* Doc. 1, *generally*).

Defendant filed a motion to dismiss and/or strike, or, in the alternative, for a more definite statement on June 13, 2018. (*See* Doc. 3, *generally*). The motion has been fully briefed and is now ripe for disposition.

## II. Legal Standards

### A. Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action."

*Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**B.      Motion to Strike.**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 421 (E.D. Pa. 2016) (quotation and citation omitted). "Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id*. (quotation and citation omitted). "Motions to strike are decided on the pleadings alone." *Keller v. Lackawanna Cnty.*, No. 15-2511, 2017 WL 3268154, at *2 (M.D. Pa. Aug. 1, 2017) (quotation and citation omitted).

**C.      Motion for More Definite Statement.**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" *Country Classics at Morgan*

*Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 370-71 (E.D. Pa. 2011) (quoting *Hughes v. Smith*, No. 03-5035, 2005 WL 435226, *4 (E.D. Pa. Feb. 24, 2005)). As such, few pleadings are proper subjects for a motion under Rule 12(e). *Pozarlik v. Camelback Assoc., Inc.*, No. 11-1349, 2012 WL 760582, at *2 (M.D. Pa. Mar. 8, 2012). "[Rule] 12(e) motions will be granted only if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Country Classics*, 780 F. Supp. 2d at 371 (quotation and citation omitted).

### III. Discussion

In the instant motion, Defendant raises four issues: (1) the allegations that Defendant owed Plaintiff a fiduciary duty with respect to the handling of his claim should be stricken from the Complaint; (2) the allegations of improper claim handling should be stricken from the Complaint; (3) the claim for unidentified "statutory violations" should be dismissed or, in the alternative, Plaintiff should be ordered to file a more definite statement; and (4) the request for attorney's fees should be stricken from the Complaint. (*See* Doc. 5, *generally*). While Plaintiff disputes that the allegations of improper claim handling should be stricken and that he fails to state a claim for "statutory violations," he does not contest the motion insofar as it seeks to strike his allegations regarding Defendant's fiduciary duty or the request for attorney's fees. (*See* Doc. 6, *generally*). The allegations relating to Defendant's fiduciary duty and the demand for attorney's fees will therefore be stricken from the Complaint as unopposed.

### A.     Improper Claim Handling.

Defendant seeks to have several paragraphs stricken from the Complaint on the basis that improper claim handling is not relevant to an action such as this where there is no claim for bad faith pled. (*See* Doc. 5, 7-12; Doc. 7, 2-3). While Plaintiff acknowledges that he is not pursuing a "claim for bad faith at this time," he insists that these allegations should not be stricken because they are relevant to his breach of

4

contract claim. (*See* Doc. 6, 6-8).

The United States District Court for the Western of Pennsylvania in *Craker v. State Farm Mut. Auto. Ins. Co.*, No. 11-225, 2011 WL 1671634, at *6 (W.D. Pa. May 3, 2011) rejected the argument that allegations pertaining to an insurer's claims handling procedures were irrelevant to a breach of contract claim. The court explained: "How and why [the insurer] arrived at its decision to deny the [insured's] claims goes to the heart of determining whether [the insured] breached its contractual obligation to '. . . pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle.' As such, these allegations cannot be said to have no possible relation to [the breach of contract claims]." *Id*. I agree with that reasoning and also note that Rule 12(f) motions are generally disfavored, so the motion to strike Paragraphs 19 and 27-32 of the Complaint will be denied.

**B.    "Statutory Violations."**

Count II of the Complaint, as stated, sets forth a claim for "statutory violations," in which Plaintiff alleges that Defendant failed to provide underinsured benefits in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1701 *et seq*. (*See* Doc. 1-2, Count II). Defendant seeks dismissal of this claim, arguing that Plaintiff does not allege a violation of Pennsylvania's bad faith statute, nor does he identify the provision of the Motor Vehicle Financial Responsibility Law that was allegedly violated. (*See* Doc. 5, 12-14). In opposition, Plaintiff contends that Count II is "very specific" as it sets forth a claim for stacked coverage in accordance with 75 Pa. C.S.A. § 1738. (*See* Doc. 6, 7-8). Defendant replies by noting that the policy at issue in the matter *sub judice* provides for stacked coverage and that the Complaint is devoid of reference to § 1738. (*See* Doc. 7, 3-5).

Count II of the Complaint will be dismissed. For one, Plaintiff fails to sufficiently plead in the Complaint the statute Defendant allegedly violated. Moreover, given that Defendant does not contest that the policy at issue provides for

stacked coverage, Plaintiff fails to explain how Defendant violated § 1738. Thus, Count II fails to state a claim upon which relief can be granted.

## IV. Conclusion

For the above stated reasons, the Motion of Defendant to Dismiss and/or Strike Portions of Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6) and Rule 12(f), or in the Alternative, for a More Definite Statement Pursuant to F.R.C.P. 12(e) (Doc. 3) will be granted in part and denied in part. The references to fiduciary duties owed by Defendant and the requests for attorney's fees will be stricken from the Complaint as unopposed, and the claim for "statutory violations" in Count II of the Complaint will be dismissed. The allegations pertaining to improper claims handling will not be stricken.

An appropriate order follows.


August 8, 2018                                        /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                            United States District Judge